KNOLL, J.,
additionally concurring.
hi fully concur with the majority opinion -in this case. I write separately to address some of the charges leveled by the dissent and to underscore the soundness of the majority’s comprehensive interpretation of the term “domiciliary parent” — a concept that is unique to our civil law tradition. We granted writ of certio-rari in this case to answer a simple and straightforward question — does Louisiana law permit a court to designate “co-domiciliary parents” in a child custody matter? Louisiana Revised Statute 9:335 provides a simple and straightforward answer: “The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.”[1] The statute refers to “the domiciliary parent” and “the other parent." It clearly does not contemplate “co-domiciliary parents.” The word “co-domiciliary” does not appear anywhere in the Revised Statutes or the Civil Code. . Nevertheless, the dissent seeks to impose this “cordomiciliary” designation in some perceived interest of fairness to both parents, despite clear legislative direction to the contrary. Words have meaning, and clear statutory language should have the force of law.- Because there is no basis in Louisiana law, in legal scholarship, in public policy, or in logic for 12the position that a court has the discretion to designate “co-domiciliary *713 parents,” I concur with the majority opinion in every respect.
La. R.S. 9:335 provides, as follows:
A. (1) In' a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.'
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
(3) .The implementation order shall allocate the legal authority and responsibility of the parents.
B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical, custody during time periods that assure that the child has frequent and continuing contact with both parents.
(3) The domiciliary parent shall have authority to make, all decisions affecting the child unless an implementation order prorides otherwise. All major decisions made, by the domiciliary parent concern-, ing the child shall be subject to review by the court upon motion of,the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
C.If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the same rights and responsibilities as are conferred. on them by the provisions of Title VII of Book I of the Civil Code.
This statute addresses two differeht concepts — joint custody and the designation of a “domiciliary parent.” As the majority opinion acknowledges, joint' custody has two elements — physical custody and legal custody.[2] Ás we explained in Evans v. Lungrin,
The term “custody” is usually broken down into two components: physical or “actual” custody and legal custody. The typical joint custody plan will allocate time periods for, physical custody between parents so as to promote a sharing of the care and custody of the child in such a. way as to ensure the child of frequent and continuing contact with both parents. George D. Ernest, III, Joint Custody and Parents’ Liability .Under Civil Code Article 2318, 44 La. L.Rev. 1791 (1984). Legal custody, by .contrast, has previously been defined as “the right or authority of a parent or parents, to make decisions concerning the child’s upbringing.” See Ernest, supra note 5, at 1792.[3]
The dissent proceeds from the well-in-tentionqd notion that this Court should provide trial judges-with “every tool in the box” in cases where parents share custody of a child. Respectfully, the dissent fundamentally misunderstands Louisiana’s child custody laws if it believes that it is necessary for a court to use the term , “co-domiciliary parents” in order to provide *714 both parents with shared legal and physical custody. Although Revised Statute 9:335(B)(1) provides that “[i]n a decree of joint custody the court shall designate a domiciliary parent,” the Legislature provided two exceptions to this mandate — that is, (1) “when there is an implementation order to the contrary” or (2) “for other good cause shown.” (emphasis added). In other words, while Revised Statute 9:335(B)(1) provides a preference for the designation of “a domiciliary parent,” a court could choose not to designate a domiciliary parent at all and, instead, to allocate authority by means of an implementation order. Indeed, according to Louisiana Revised Statute 9:335(A)(1), (A)(2)(a), and (A)(3), when joint custody is decreed and in the absence of “good cause shown,” a joint custody implementation order “shall allocate the time periods during which each parent has physical custody of the child”[4] and “shall allocate the legal authority and responsibility of the parents.”[5] In short, the Legislature envisioned the joint custody implementation order allocating both physical and legal custody. The ability to allocate custody by means of a joint custody implementation order empowers the court to craft a custody arrangement on a case by case basis that works to further “the best interest of the child.”
Because the trial court already has the power to allocate physical custody Land legal authority in this way, the dissent’s interpretation of Revised Statute 9:335 does not add any implements to the trial court’s judicial “tool box.” It simply demeans the Legislature’s preferred “tool.” Indeed, the plain language of this statute manifests the Legislature’s clear intent to establish a custodial system in which a child has a sole domiciliary parent and no more. While the statute contemplates that the joint implementation order “shall allocate the time periods during which each parent shall have physical custody of the child,”[6] the statute provides that “[i]n a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.”[7] The text is clear. While each parent can share physical custody, the court shall designate a single domiciliary parent.
Justin Hodges argues that these exceptions for “when there is an implementation order to the contrary or for other good cause shown” suggest that a court could designate “co-domiciliary parents” if it provided for such a designation in the “implementation order” or “for other good cause shown.” Athough the statute does express the Legislature’s preference for the designation of a sole domiciliary parent, the exception provides the court with the discretion to craft an implementation order that allocates physical and legal custody between the parents. It plainly does not authorize a court to designate “co-domiciliary parents” because that would render meaningless the Legislature’s description of the term “domiciliary parent” in Revised Statute 9:335(B)(2): “The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.” (emphasis added). This description leaves no room for Justin Hodges’ interpretation of Revised Statute 9:335. The text contemplates a “domicili *715 ary parent” and “the other parent.” There is nothing in the 1 stext of the statute that supports the position that a child could have “co-domiciliary parents” under Louisiana law.
Amy Hodges’ argument that Revised Statute 9:335 only provides for a child to have a sole domiciliary parent is supported by language from surrounding statutes. Indeed, Revised Statute 9:315.8, which deals with the calculation of the total child support obligation, refers concomitantly to the “domiciliary” party and the “nondomiciliary” party: “The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party-”[8] Even in the context of joint custody, the statute only contemplates a “domiciliary” party and a “nondo-miciliary” party: “In cases of joint custody, the court shall consider the period of time spent by the child with the nondomi-ciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.”[9] Notably, when defining “joint custody,” this statute provides, “ ‘Joint Custody’ means a joint custody order that is not shared custody as defined in R.S. 9:315.9.” (emphasis added). Revised Statute 9:315.9 goes on to define “shared custody” as a “joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.” (emphasis added). Granted, the statute does not address legal custody but, interestingly, the only mention of “domiciliary parent” in this statute suggests that, rather than designating “co-domiciliary parents” in such an arrangement, a court would simply not designate a domiciliary parent at all:
The parent owing the greater amount of child support shall owe to the other parent the difference between the two amounts as a child support obligation. The amount owed shall not be higher than the amount which that parent would have owed if he or she were a domiciliary parent.[10]
Un response to this clear indication that the Legislature contemplated situations when no domiciliary parent would be designated, the dissent argues: .
[T]he other alternative' allowed by the majority opinion — of naming no domiciliary parent — also results in one parent, the father, having a greater share of the legal authority over the child than the other parent, the mother, pursuant to LSA-R.S. 9:335(C) (“If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the same rights and responsibilities as are conferred on them by the provisions of Title VII of Book I of the Civil Code”). Contained within Title VII of Book I of the Civil Code is Civil Code Article 216, which, on the issue of parental authority, provides in pertinent part that *‘[i]n case of difference between the parents, the authority of the father prevails.” Therefore, if any matter subject to the decision-making authority of the parents is inadvertently omitted from the custody order and a dispute on such.an issue thereafter arises between the parents, Article 216 directs that “the authority of the father prevails.” Clearly, if Article 216 is triggered by such an eventuality, the mother would be deprived of the *716 desired equal legal authority over the minor child.
This charge — that the Court’s decision will disadvantage mothers in cases in which the trial court does not designate a domiciliary parent — is without merit. Louisiana Civil Code Article 216, to which the dissent refers, has been repealed, effective January 1, 2016. The new version of the article — Senate Bill 134 of the 2016 Regular Session, enacted as Act 260 of 2015 — will now provide, as follows: “The father and the mother who are married to each other have parental authority over their minor child during the marriage.”
Moreover, there is no civilian legal scholarship that supports the position that a court could designate “co-domiciliary parents.” As the Court acknowledges, Katherine Spaht, the foremost scholar in this area, has referred to the term “co-domiciliary parents” as “oxymoronic.” Commenting on Revised Statute 9:315.10 which provides for “split custody,” Professor Spaht wrote:
The section first defines the term “split” custody as a situation in which “each party is the sole custodial or domiciliary parent of at least one child to whom support is due.” The use of “domiciliary” parent in the definition of split custody assumes that there is a true domiciliary parent, defined as'the parent with whom the child primarily resides, not the oxymoronic “co-domiciliary parents.” The calculation for split 17custody should only apply in instances' where each child resides primarily or exclusively with one parent.[11]
Addressing specifically the statute that is at issue in the case before us, Professor Spaht remarked:
La.- R.S. 9:335(B) provides for the designation of a donjiciliary parent in a jointcustody order which fails to include an implementation plan as described in Paragraph A. The domiciliary parent is defined as “the parent with whom the child primarily resides.” Most joint custody orders designate a domiciliary parent and Paragraph B governs who exercises legal and physical custody of the child. By definition,-however, there can be only one domiciliary parent-the parent with whom the child primarily resides. The designation of co-domiciliary parents creates an oxymoron.[12]
Professor Spaht’s objection to this term is grounded in the plain language of the statute and in her unparalleled understanding of our unique child custody system in Louisiana. Section 9:335 defines “domiciliary parent” as “the parent with whom the child primarily resides.” It cannot bear the unnecessary attempt to allow for two “domieiliaries” when the Legislature has only provided for one.
The civilian concept of the “domiciliary parent” is unique in that it provides a default rule that, at least in the abstract, should lead to less litigation. If the “domiciliary parent” has the authority “to make all decisions affecting the child” with all “major decisions” presumed to be in the best interest of the child, then the “other parent” is highly incentivized 'to be cooperative with the “domiciliary parent.”[13] By placing power firmly, but not inextricably, in the hands of one party, the ‘ parties' really are incentivized to work together more than they would be if they operated on equal footing. Nevertheless, what Justin Hodges should be advocating for is a *717 joint implementation order that provides him and Amy Hodges with shared physical and legal custody. It would provide him with the authority that he wants without robbing the word “domiciliary parent” of its meaning.
The dispute that the Gourt’s decision correctly resolves today involves much 1 «more than mere semantics. While the common law majority preference is for shared physical and legal custody,' the Louisiana Legislature has expressed-a reasoned preference for a single domiciliary parent. The interpretation of Revised Statute 9:335 advocated by the dissent would change the orientation of Louisiana child custody law. As a policy matter, well-intentioned people could disagree as to whether or not a move toward the common law majority preference for shared physical and legal custody is a good thing. However, if Louisiana law is to take such a major step, it is one that is properly taken by the Legislature and not by judicial fíat. The Court’s decision in this case is merely a reflection of its duty to give effect to the clear dictates of the law. We have no authority to legislate from the bench nor should we attempt to do so.
HUGHES, J., dissents with reasons.

. La.Rev.Stat. 9:335(B)(2) (emphasis added).

. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 737.

. Id.

. La.Rev.Stat. 9:335(A)(2)(a) (emphasis added).

. La.Rev.Stat. 9:335(A)(3) (emphasis added).

. La.Rev.Stat. 9;335(A)(2)(a).

. La.Rev.Stat. 9:335(B)(1) (emphasis added).

. La.Rev.Stat. 9:315.8(D) (emphasis added).

. La.Rev.Stat. 9:315.8(E)(1) (emphasis added).

. La.Rev.Stat. 9:315.9(A)(7) (emphasis added).

.Katherine Shaw Spaht, The Two "Ics" of the 2001 Louisiana Child Support Guidelines: Economics and Politics, 62 La. L.Rev. 709, 731 (2002).

. Id. at 728 n. 73.

. See La.Rev.Stat. 9:335(B)(3).